### J. M. PARISH v. THE STATE.

#### No. 5817.   Decided May 19, 1920.

1.—Female Employee—Regulating Hours of Labor—Complaint.

Where, upon trial of violating the law with reference to limiting the hours of labor of female employees, the complaint was insufficient in charging the offense; a motion in arrest of judgment should have been sustained; besides, it is questionable whether the evidence is sufficient to sustain the conviction.

2.—Same—Employer—Agent—Information—Complaint.

In charging this offense, it must be alleged and proved that the employer of the alleged female employee did the forbidden acts named in the statute, and to allege that defendant was foreman, etc., is not sufficient.

Appeal from the County Court of Tarrant.   Tried below before the Honorable Hugh L. Small.

Appeal from a conviction of violating the law with reference to limiting the hours of labor of female employees; penalty, a fine of one hundred dollars.

The opinion states the case.

*Thompson, Barwise, Wharton & Hiner,* for appellant.—On question of insufficiency of complaint:. Lamar v. State, 18 S. W. Rep., 788; McQuery v. State, 51 id., 247; West v. State, 51 id., 247; Slack v. State, 136 S. W. Rep., 1073; Haddad v. State, 218 S. W. Rep., 506.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Perkins v. State, 80 Texas Crim. Rep., 418; Slack v. State, 136 S. W. Rep., 1084.

LATTIMORE, JUDGE.—The appellant was convicted of violating the terms of Chapter 56 of the Acts of the Regular Session of the Thirty-fourth Legislature, which undertakes to limit the hours of labor of female employees in certain industries and capacities in this State, and his punishment was fixed at a fine of $100.

The prosecution is by complaint and information, the charging part of the information being as follows: . . . "that J. M. Parish, hereinafter styled defendant, heretofore, on the 30th day of December, A. D. 1919, in the County of Tarrant and State aforesaid, was then and there the manager, foreman, and superintendent of the Basement Department of the H. C. Meacham Dry Goods Store situated on Main Street of the City of Fort Worth, Tarrant County, Texas, and as such did employ Mrs. G. S. Williams, a female, to work and labor therein, and the said defendant as such manager, foreman and superintendent and employer did permit the said Mrs. G. S. Williams to work and labor therein for more than nine hours during said calendar day. And that at the time said work was done and labor performed same was not in case of extraordinary emergency, nor necessary for the protection of human life or property, and the said Mrs. G. S. Williams was not then and there a stenographer or pharmacist; against the peace and dignity of the State."

Turning to the act of the Legislature in question, we find that Section 3 thereof prescribes the penalty, and, omitting some of the portions not necessary here to set out, said section is as follows: "Any employer, overseer, superintendent, foreman, or other agent of any such employer who shall permit any female to work in any of the places mentioned in Sections 1, 1a and 1b more than the number of hours provided for in this Act during any day of the twenty-four hours, or who shall fail, neglect or refuse to so arrange the work of females employed in the said places mentioned in Sections 1, 1a and 1b so that they shall not work more than the number of hours provided for in Sections 1, 1a and 1b of this Act, during any day of twenty-four hours or the number of hours prescribed by this Act in any one week, or who shall fail, neglect or refuse to provide suitable seats as provided in Section 2 of this Act shall be deemed guilty of a misdemeanor, and upon conviction in any court of competent jurisdiction shall be fined in any sum not less than fifty ($50) Dollars nor more than two hundred ($200) dollars."

It is apparent that the forbiddance of this Act is to any employer, or the agent of any such employer, and in a prosecution thereunder, the pleading of the State must allege who such employer is; and if the prosecution be directed at an agent, it must allege that he is the agent of said employer. In the instant case, it is alleged, but wholly rebutted by the testimony, that appellant himself was the employer of the female employee, but any claim that she was employed by appellant was entirely abandoned upon the trial. It nowhere appeared in the pleading that the employer was H. C. Meacham, or in fact any other person other than appellant; nor is it alleged anywhere that appellant was the agent of H. C. Meacham, or of any other person. To allege that appellant was foreman, or manager of a department of a certain drygoods, hardware, or grocery store, whose ownership or general management is not alleged, does not appear to be in ac-

cord with the provisions of said statute, nor to sufficiently charge the accused as the agent of any employer. Appellant moved an arrest of judgment, on the ground that no offense was charged. We think the motion should have been sustained.

The pleading being insufficient to charge an offense, the other matters complained of will not be discussed, although we seriously doubt the sufficiency of the evidence, in view of the fact that the female employee herself stated under oath that taking out the time occupied by her in matters other than the labor required of her, she was unable to say that she labored more than nine hours on the day in question.

The prosecution will be reversed and dismissed.

*Dismissed.*